# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# KALAMAZOO DIVISION

| | |
|---|---|
| GERONIMO ST. GERMAINE,<br><br>      Plaintiff,<br><br>v.<br><br>CREDIT CONTROL, LLC.,<br><br>      Defendant. | Case No. 14-906<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, GERONIMO ST. GERMAINE, by and through his attorneys, and for his Complaint against the Defendant, CREDIT CONTROL, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. §1692k(d).  This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Battle Creek, Michigan.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a limited liability company of the State of Missouri, which is licensed to do business in Michigan, and which has its principal place of business in Hazelwood, Missouri.

## FACTS COMMON TO ALL COUNTS

9. On November 27, 2013, Plaintiff filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Michigan, case number 13-09126-jrh.

10. By reason of the foregoing, the automatic stay against all collection activities on account of any alleged debts came into effect, pursuant to 11 U.S.C. § 362.

11. On or about January 28, 2014, in violation of the automatic stay provided by the United States Bankruptcy Code, Defendant sent a notice to Plaintiff seeking to collect the aforementioned alleged debt.

12. In taking the actions outlined above, Defendant damaged Plaintiff and violated the FDCPA.

13. As a result of Defendant's actions as outlined above, Plaintiff has suffered stress, aggravation, emotional distress and mental anguish.

## COUNT I

14. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

15. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

16. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

17. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

18. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

19. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his FDCPA claims in this action.

    RESPECTFULLY SUBMITTED,

    GERONIMO ST. GERMAINE

    By: /s/ David P. Leibowitz

David P. Leibowitz
Illinois Attorney No. 1612271
Allen Chern Law PLLC
25 E. Washington, Suite 400
Chicago, IL 60602
312-878-1605